IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE: )<br>)<br>THE MARRIAGE OF DEAN DYCHE AND )<br>THERESA BEAT, )<br>)<br>             Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>             Respondent. )<br>                                   ) | Civ. Action<br><br>No. 05-1116-WEB |

**<u>Memorandum and Order</u>**

This action was filed by Petitioner Theresa Beat in the District Court for the Thirteenth Judicial District, Kingman County, Kansas. The Petition alleged that Ms. Beat and Dean Dyche were common law husband and wife at the time of Dean Dyche's death in July of 2001, and it prayed for a judgment declaring that the two had been common law spouses entitled to all the benefits flowing therefrom. The Petition did not name a Respondent but was served upon the Internal Revenue Service and the Kansas Department of Revenue. Shortly thereafter, the United States and the Kansas Department of Revenue moved to intervene in the state action. The United States' motion alleged that Petitioner, the executrix and sole beneficiary of Dyche's estate, had claimed the marital deduction on the Dyche Estate's federal estate tax return, thereby avoiding any federal estate tax. The United States alleged it had amassed substantial evidence that Beat and Dyche did not have a common law marriage, and asserted that the IRS was auditing

the estate to determine whether to disallow the marital deduction and assess estate tax.[1] The Kansas Department of Revenue's Motion to Intervene alleged that it had denied the estate's common law marital deduction and that Ms. Beat had filed the declaratory judgment action prior to exhausting administrative remedies to appeal the Department's ruling. The state district judge granted the United States' motion to intervene. The United States then filed a notice of removal to U.S. District Court. At the time of the removal the state judge had not ruled on the Kansas Department of Revenue's motion to intervene.

The matter is now before the court on the following motions: Ms. Beat's Motion to Remand to state court (Doc. 9); the United States' Motion for Summary Judgment (Doc. 3); and Ms. Beat's Motion for Leave to Take Depositions (Doc. 16). The court finds that oral argument would not assist in deciding the issues presented.

    I. *Motion to Remand*.

    A. Arguments.

The Notice of Removal pointed out that the United States was made a party to the action when the state district court granted its motion to intervene, and it asserted that removal was proper under both 28 U.S.C. §§ 1441 and 1442(a)(1) because the action was against the United States and was an action regarding the collection of revenue. Doc. 1, ¶ 3. Ms. Beat argues that the case -- or at least a portion of it -- should be remanded to the state court. She argues removal was improper because the Petition was based solely on state law and raised no federal question. Doc. 10 at 4-5. She points out that Kansas law

---

[1] The affidavit of an IRS Attorney states that on March 17, 2005, the IRS issued a notice of deficiency to the Dyche Estate for $1,732,101 in federal estate tax and a $1,299,076 fraud penalty. Doc. 6, Exh. A. Additional filings indicate that Petitioner has now paid the estate tax, with penalties and interest. Doc. 17, Exh. A.

authorizes the filing of an action to obtain a declaration of rights relating to the administration of an estate, and she argues a case may be removed to federal court only if the action could have been brought there initially. *Id. Citing* 28 U.S.C. § 1441(a). This action could not have filed in federal court, she maintains, because it is based only on state law. She points out that the presence of a federal question is ordinarily determined under the "well-pleaded complaint" rule -- which looks only to the face of the complaint to determine if a federal question exists -- and that a plaintiff may deliberately avoid a federal question by relying exclusively upon state law. *Citing Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). She further notes that the United States now relies upon the Anti-Injunction Act (26 U.S.C. § 7421(a)) and the Declaratory Judgment Act (28 U.S.C. § 2201(a)) in its pending summary judgment motion (which argues the court must dismiss the action for lack of subject matter jurisdiction), but contends these are *defenses* and says that the assertion of a federal defense cannot support removal jurisdiction. Moreover, Petitioner agrees with the United States' that this court lacks jurisdiction by virtue of the foregoing statutes, and she argues the United States should therefore be dismissed and the action should be remanded to the state district court for its determination of whether petitioner had a common law marriage with Dyche. She argues this is precisely what the court did in *Kinard v. Kinard*, 1999 WL 501008 (D. S.C. 1995), under facts almost identical to the instant case.

     In response, the United States says "[i]t is well-established that the United States can remove suits pertaining to federal tax to federal court." Doc. 11 at 5. It argues petitioner's suit is founded on a right arising under the laws of the United States -- namely, the internal revenue laws: "Because Beat's reliance on Kansas state law does not disguise that this is a suit to restrain the assessment and collection of federal tax, her petition arises under the Internal Revenue Code and was properly removed." *Id. at 4-5 (citing*

3

28 U.S.C. §§ 1441(b) & 1442(a).  Respondent contends the well-pleaded complaint rule does not apply because of the "artful pleading doctrine," which recognizes that a plaintiff may not avoid federal jurisdiction for what are (in Respondent's words) "essentially federal claims" merely by framing the petition in terms of state law.  Respondent further argues removal is not inconsistent with its summary judgment position that the claim must be dismissed for lack of subject matter jurisdiction.  *Citing, inter alia, Mathis v. Skaluba*, 94 Fed. Appx. 701, 703, 2004 WL 537895 (10th Cir. 2004) (unpublished) ("A federal court has subject-matter jurisdiction generally to hear federal-law claims, including those involving internal revenue, asserted against, among others, the United States and its officers. Removal, therefore, was proper. Once in federal court, however, the [plaintiffs] had the burden of establishing that the United States had waived its sovereign immunity and was, thus, amenable to [plaintiffs'] claims.") [citations omitted].  The United States opposes Ms. Beat's suggestion that after the U.S. is dismissed from the suit, the matter should be remanded to the state court for a determination of the common law marriage issue.  Respondent says if that occurs, the United States would be forced to intervene again in the state proceeding and would remove the action all over again.

    B.  <u>Discussion</u>.

.      Section 1442 of Title 28 provides in part: "(a) A civil action ... commenced in a State court against any of the following may be removed by them to the district court of the United States ... (1) The United States or any agency thereof ..., sued ... on account of any ... authority claimed under any Act of Congress for  ... the collection of the revenue."  Unlike section 1441, section 1442 permits removal based upon the status of the party -- i.e., the fact that a claim is asserted against the United States -- regardless of whether any claim made in the state court is within the original jurisdiction of a U.S. district court.  *United States*

*v. Todd*, 245 F.3d 691, 693 (8th Cir. 2001). The right to removal is made absolute (subject to certain conditions) whenever a suit in state court is for any act under color of federal office, regardless of whether the suit could originally have been brought in a federal court. *Id. (Citing Willingham v. Morgan*, 395 U.S. 402, 406 (1969)).

The court concludes that the action was properly removed by the United States under § 1442(a)(1). Although the Petition for Declaratory Relief did not expressly name the United States as a Respondent -- and thus it might be argued the action was not "commenced ... against the United States" -- the court concludes that the requirements of § 1442(a)(1) were satisfied when the United States intervened in the state action. Petitioner concedes that the United States had an interest that would be directly impaired by the judgment she sought, and that the state court properly granted the United States' motion to intervene. Moreover, the relief sought by Petitioner is clearly adverse to the interests of the United States. It is likewise clear that the action arises out of Petitioner's dispute with the IRS (and the Kansas Department of Revenue) concerning the marital deduction and that the action is an attempt by Petitioner to prevent these agencies from assessing and/or collecting estate taxes by establishing that they have (or were about to) erroneously reject the estate's claim to the marital deduction. In other words, this is an action against the United States challenging the IRS' claimed authority to collect federal estate taxes, to which the United States has asserted an immunity defense. As such, the action was properly removed under § 1442(a)(1). *Cf. City of Jacksonville v. Dept. of Navy*, 348 F.3d 1307, 1310-11 (11th Cir. 2003) (Congress' purpose in amending § 1442(a)(1) was to provide a federal forum for sovereign immunity issues); *Mesa v. California*, 489 U.S. 121, 129 (1989) (removal under this section must be predicated on the allegation of a colorable federal defense).

5

II. *Motion for Summary Judgment*.

A. Arguments.

The United States next argues the action should be dismissed because of the Anti-Injunction Act (26 U.S.C. § 7421(a)), which -- with certain exceptions -- precludes suits "for the purpose of restraining the assessment or collection of any tax," and similarly because of the Declaratory Judgment Act (28 U.S.C. § 2201(a)) which circumscribes the federal courts' authority to issue declaratory judgments in cases involving federal taxes. It notes that in *Kinard v. Kinard*, 1999 WL 501008, A.F.T.R.2d 99-2964 (D. S.C. 1999), the district court found the United States' motion to dismiss was properly granted by virtue of the foregoing Acts. The United States further points out that Petitioner has legal remedies available to her by which she can challenge the IRS' determination, including by filing a petition with the United States Tax Court (26 U.S.C. § 6213) or by filing an action in U.S. District Court for refund pursuant to 26 U.S.C. § 7422.

Petitioner concedes the Anti-Injunction Act and the Declaratory Judgment Act bar her claim for declaratory relief in this court, and, consequently, she does not oppose an order dismissing the United States. Doc. 12 at 4-5; 8. But she argues the case must be remanded to state court, where she maintains she will be free to again pursue the declaratory judgment. She notes that in *Kinard* the federal court dismissed the claims against the United States and remanded to state court for further proceedings involving the state agency. She argues that proceeding in this manner will not restrain the IRS from assessing or collecting its tax because, she says, the IRS will not be bound by the state court's judgment. She notes that in *C.I.R. v. Estate of Bosch*, 387 U.S. 456, 465 (1967), the Supreme Court held that the IRS was not bound by a state trial court decree concerning the validity of a certain waiver where the waiver would have

6

effected the estate's entitlement to a marital deduction. The Supreme Court concluded that the IRS, which was not a party to the state action, was not conclusively bound by the ruling but only had to give "proper regard" to the decree. *Id*. (Although as the United States points out, the Court indicated that the IRS would be bound by a determination on a state law issue made by the state's highest court. *Id*.).

B. <u>Discussion</u>.

The Anti-Injunction Act explicitly provides that no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed. The principal purpose of the Act is to protect the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference. *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736-37 (1974). It is designed "'to require that the legal right to the disputed sums be determined in a suit for a refund.'" *Id*. at 737 (*citing Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962)). The Declaratory Judgment Act similarly excludes actions with respect to Federal taxes from its purview, and its scope is at least as broad as the Anti-Injunction Act. *See Alexander v. Americans United Inc*., 416 U.S. 752, 759, n. 10 (1974). Like the *Kinard* court, this court agrees that a declaration that Petitioner had a valid common law marriage would be tantamount to an injunction restraining the IRS from assessing or collecting the federal estate tax. This is clearly a suit for the purpose of restraining the assessment or collection of a federal estate tax. *Cf. Bob Jones Univ. v. Simon*, 416 U.S. 725, 738 (1974) (Petitioner's allegations "leave little doubt that a primary purpose of this lawsuit is to prevent the Service from assessing and collecting income taxes from petitioner."). Accordingly, the court will grant the United States' motion to dismiss for lack of subject matter jurisdiction.

Section § 1447(c) provides in part that if any time before final judgment "it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." There is no ambiguity in this section; it clearly mandates that the action be remanded to state court. Moreover, a remand seems the appropriate given that the Kansas Department of Revenue has filed a motion to intervene in the case. The court notes the parties' arguments concerning proceedings after remand, particularly the United States' suggestion that the action will end up right back here if Petitioner again pursues her claim for declaratory relief in state court. Although this is a legitimate concern, the court believes it is a premature one. The Department of Revenue's motion to intervene is still pending, and in that motion the Department asserted that the state court lacks jurisdiction to decide the common law marriage issue because Petitioner has failed to exhaust available administrative remedies and/or because the Department has primary jurisdiction to decide the issue. If the Department is permitted to intervene, and if it prevails on its jurisdictional argument, the action would presumably be dismissed by the state court. Petitioner would then be left to pursue the matter administratively and/or through an appropriate refund action.[2] In that event, there would seem to be no need for removal of the action by the United States. If for some reason the action is removed again, however, this court will re-consider the matter and will make an appropriate disposition of the case at that

---

[2] Although Petitioner has now apparently paid the taxes and penalties sought by the IRS, she does not -- and cannot -- claim that this is an appropriately filed suit for refund. Section 7422(a) of Title 26 of the U.S. Code provides in part that: "No suit ... shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected. ... until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." Moreover, Section 6532 provides in part that no suit under Section 7422(a) shall be begun before the expiration of 6 months from the date of filing the claim required under that section unless the Secretary renders a decision within that time. Petitioner has not shown that these prerequisites are satisfied.

time.

*Conclusion*.

Respondent United States' Motion for Summary Judgment (Doc. 5) is GRANTED. The court lacks jurisdiction to enter the relief requested by Petitioner; accordingly any claim asserted in the Petition against the United States should be, and is hereby, dismissed without prejudice.

Petitioner's Motion to Remand (Doc. 9) is GRANTED IN PART. The court has subject matter jurisdiction to enter the foregoing order granting the United States' Motion for Summary Judgment. The court lacks subject matter jurisdiction over the remainder of the Petition, however, and so the matter is hereby REMANDED to the District Court for the Thirteenth Judicial District, Kingman County, Kansas, in accordance with 28 U.S.C. § 1447(c).

Petitioner's Motion for Leave to Take Depositions (Doc. 16) is DENIED as moot.

IT IS SO ORDERED this __16th__ Day of August, 2005, at Wichita, Ks.

                                         s/Wesley E. Brown
                                         Wesley E. Brown
                                         U.S. Senior District Judge